**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**MARIO ROSE** and **CURTIS POWERS**,
*Individually and on behalf of themselves
and others similarly situated,*

 Plaintiffs,

          v.                                        No. _____

**BOYD FRANCHISING, LLC, d/b/a
D'BO's DAIQUIRIS,** and **JULIAN
BOYD,** Individually,

                                                    **FLSA Multi-Plaintiff Action
                                                    JURY DEMANDED**

Defendants

---

### ORIGINAL FLSA MULTI-PLAINTIFF ACTION COMPLAINT

---

Plaintiffs Mario Rose and Curtis Powers ("Plaintiffs"), individually and on behalf of themselves and all other similarly situated current and former hourly-paid employees, file this Original Multi-Plaintiff Action Complaint against Boyd Franchising, LLC, d/b/a D'BO's Daiquiris, and Julian Boyd, individually ("Defendants") as a multi-plaintiff action to recover unpaid overtime compensation, as follows:

### I.     INTRODUCTION

1. This lawsuit is brought against Defendants as a multi-plaintiff action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation and other damages for Plaintiffs and other similarly situated current and former hourly-paid employees.

1

2. Plaintiffs allege they and similarly situated hourly-paid employees performed overtime hours within weekly pay periods during all times material to this cause of action without being paid for such overtime at one and one-half times their regular hourly rates of pay.

## II.    JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs were employed by Defendants in this district at all times relevant to this action. In addition, Defendants regularly conducted and continue to conduct business in this district and have engaged and continue to engage in wrongful conduct alleged herein during all material times to this cause.

## III.    SIMILARLY SITUATED DESCRIPTION

5. Plaintiff brings this action on behalf of the following similarly situated persons:

> All current and former hourly-paid employees who were employed by Defendants anywhere in the United States at any time during the applicable limitations period covered by this Multi-Plaintiff Action Complaint (*i.e.,* two years for FLSA violations and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are Named Plaintiffs or elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").

## IV.    PARTIES

6. Defendant, Boyd Franchising, LLC., is a Tennessee limited liability company with its principal address at 1825 Little John Road, Millington, Tennessee 38053-7316. Defendant's registered agent for process is Boyd Franchising LLC, 1825 Little John Road, Millington, Tennessee 38053-7316.

7. Defendant Julian Boyd has been the President and Chief Executive Officer of Defendant Boyd Franchising, LLC, during all times material herein and may be served process at 1825 Little John Road, Millington, Tennessee 38053-7316.

8. Defendant Julain Boyd was responsible for establishing and administering Defendant Boyd Franchising, LLC's pay policies and practices at all relevant times to this Complaint.

9. As such, he is jointly and individually liable to Plaintiffs and those similarly situated for all of Defendants' FLSA violations during all times material, as addressed herein.

10. Plaintiff Mario Rose was employed by Defendants as an hourly-paid employee within this district during the relevant period herein. (Plaintiff Rose's Consent to Join this action is attached as Exhibit A.)

11. Plaintiff Curtis Powers was employed by Defendants as an hourly-paid employee within this district during the relevant period. (Plaintiff Powers' Consent to Join this action is attached hereto as Exhibit B.)

## V. COVERAGE

12. Defendants have been the "employer" of Plaintiffs and others similarly situated within the meaning of 29 U.S.C. § 203(d) during all times relevant to this Complaint.

13. Plaintiffs and all other similarly situated persons are current or former hourly-paid employees of Defendants who performed work for Defendants during all times relevant to this action.

14. Plaintiffs and those similarly situated have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and performed work duties for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

15. At all times relevant, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenues in excess of $500,000.00.

16. At all relevant times, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise engaged in interstate commerce, and their employees have been engaged in interstate commerce.

## VI. FLSA ALLEGATIONS

17. Defendant Boyd Franchising, LLC, has owned and operated D'Bo's Daiquiris restaurants in Memphis, Tennessee, and other locations during all times material to this lawsuit.

18. Defendant Julain Boyd, as President and Chief Operating Officer of Boyd Franchising, LLC, has been responsible for implementing and administrating its pay policies and practices during all times material to this action.

19. As such, he is jointly and individually liable to Plaintiffs and those similarly situated for all the FLSA violations addressed below.

20. Defendants had a timekeeping system for recording the work hours of Plaintiffs and those similarly situated.

21. Defendants insisted on clocking Plaintiffs and others similarly situated in and out of their respective shifts instead of allowing them to do so independently.

22. Plaintiffs and those similarly situated worked more than forty (40) hours per week within weekly pay periods for Defendants without being paid one and one-half times their regular hourly rates for all such overtime hours—at all times material to this lawsuit.

23. Defendants either failed to record all the work hours of Plaintiffs and those similarly situated, including overtime hours, into its timekeeping system or "edited out" such hours from its timekeeping system during all times material.

24. Defendants failed to keep accurate time records related to the compensable work time of Plaintiff and those similarly situated.

25. Defendants often paid Plaintiffs and others similarly situated cash for their hourly work instead of by documented and recorded means.

26. The unpaid wage claims of Plaintiffs and those similarly situated are unified through common theories of Defendants' FLSA statutory violations.

27. Defendants were aware of their aforementioned violations of the FLSA.

28. Defendants willfully and with reckless disregard to the established FLSA overtime compensation requirements violated the statute by failing to compensate Plaintiffs and others similarly situated for all their compensable overtime within weekly pay periods during all times material.

29. Defendants' FLSA violations herein were without a good faith basis.

30. The net effect of Defendants' common policy and practice of failing to pay Plaintiffs and those similarly situated for all their overtime work was to save payroll costs and taxes.

31. Consequently, Defendants violated the FLSA and enjoyed ill-gained profits at the expense of Plaintiffs and those similarly situated.

32. Plaintiffs and those similarly situated are entitled to and hereby seek to recover back pay, liquidated damages, attorneys' fees, interest, and other costs, fees, and expenses from Defendants for all their unpaid overtime hours, which are available under the FLSA.

33. Although Plaintiffs are unable to state the exact amount owed to them and those similarly situated at this stage, they believe such information will become available during discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely through their testimony, and the burden of proof to overcome such testimony shifts to the employer.

## VII.   MULTI-PLAINTIFF ALLEGATIONS

34. Plaintiffs bring this action on behalf of themselves and those similarly situated as a multi-plaintiff action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

35. The claims under the FLSA may be pursued by those who join this cause of action under 29 U.S.C. § 216(b).

36. The exact number of potential plaintiffs is unknown to Plaintiffs at this time but can be determined through applicable discovery.

37. The claims of Plaintiffs are typical of the claims of those similarly situated.

38. Plaintiffs and potential plaintiffs have worked for Defendants at all material times and were subject to the same operational, compensation, and time-keeping policies and practices. As previously addressed, they were not paid for all their compensable overtime work at the applicable FLSA overtime compensation pay rates.

39. Plaintiffs and potential plaintiffs are also similarly situated because their overtime wage claims are unified through common theories of Defendants' FLSA statutory violations.

40. Plaintiffs will fairly and adequately protect the interests of potential plaintiffs as their interests are mutually aligned.

41. Plaintiffs have no interests adverse to potential plaintiffs.

42. Plaintiffs have retained competent counsel who are experienced in multi-plaintiff litigation.

43.    The FLSA multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and litigation burden suffered by individuals in a multi-plaintiff action are relatively small compared to the expenses, costs, and litigation burden of individual actions, making it virtually impossible for plaintiffs to seek address for the wrongs done to them individually.

44.    Plaintiffs and those similarly situated have suffered and will continue to suffer irreparable damage from the aforementioned unlawful policies, practices, and procedures implemented and administered by Defendants.

## COUNT I
## FLSA VIOLATIONS – UNPAID OVERTIME COMPENSATION

45.    Plaintiffs, on behalf of themselves and those similarly situated, repeat and re-allege Paragraphs 1 through 45 above as if they were fully set forth herein.

46.    At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47.    At all times relevant herein, Defendants have employed and/or continue to employ Plaintiffs and those similarly situated within the meaning of the FLSA.

48.    At all times relevant herein, Defendants have had a common policy and practice of willfully failing to pay Plaintiffs and potential plaintiffs the applicable FLSA overtime compensation rates of pay for all of their unpaid compensable time in excess of forty (40) hours per week within weekly pay periods, as previously addressed.

49.    During all times relevant, Defendants' common policy and practice of willfully failing to pay Plaintiff and those similarly situated one and one-half times their regular hourly rate

of pay for all hours worked over forty (40) within weekly pay periods has resulted in their claims being unified through common theories of Defendants' FLSA violations.

50.    At all times relevant herein, Defendants have had actual knowledge of willfully refusing to pay Plaintiffs and potential plaintiffs for all their hours worked over forty (40) within weekly pay periods at the applicable FLSA overtime compensation rates of pay.

51.    As a result of Defendants' willful failure to compensate Plaintiffs and potential plaintiffs at a rate of not less than one and one-half times their regular hourly rates of pay for hours worked in excess of forty (40) per week within weekly pay periods during all times relevant, they have violated and continue to violate the FLSA, 29 U.S.C. § 255(a).

52.    Defendants do not have a good faith basis for their FLSA violations.

53.    Due to Defendants' willful FLSA violations and lack of a good faith basis for their FLSA violations, Plaintiffs and potential plaintiffs are entitled to recover compensation from Defendants unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Whereas, Plaintiffs, individually, and on behalf of themselves and all others similarly situated, requests this Court to grant the following relief against Defendants:

   a)    Promptly facilitate notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting potential plaintiffs to assert timely FLSA claims in this action by filing individual consents to join under 29 U.S.C. § 216(b);

   b)    Award Plaintiffs and potential plaintiffs who join this action FLSA statutory

damages against Defendants;

c) Award Plaintiffs and potential plaintiffs who join this action all unpaid overtime compensation against Defendants;

d) Award Plaintiffs and potential plaintiffs who join this action liquidated damages in accordance with the FLSA against Defendants;

e) Award Plaintiffs and potential plaintiffs who join this action prejudgment interest (to the extent that liquidated damages are not awarded);

f) Award Plaintiffs and potential plaintiffs who join this action post-judgment interest and court costs as allowed by law;

g) Award Plaintiffs and potential plaintiffs who join this action reasonable attorney's fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

h) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, apply the three (3) year statute of limitations under the FLSA to this action;

i) Allow Plaintiffs to amend their Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiffs and potential plaintiffs may be entitled; and

k) Provide further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: March 4, 2024.                         Respectfully Submitted,

                                 *s/J.Russ Bryant.*_____
                                   Gordon E. Jackson (TN BPR #8323)
                                   J. Russ Bryant (TN BPR #33830)
                                   J. Joseph Leatherwood IV (TN BPR #39490)
                                   Joshua Autry (TN BPR #041423)
                                   Cooper Mays (TN BPR #042347)
                                   **JACKSON, SHIELDS, HOLT,**
                                   **OWEN & BRYANT**
                                   Attorneys at Law
                                   262 German Oak Drive
                                   Memphis, Tennessee 38018
                                   Telephone: (901) 754-8001
                                   gjackson@jsyc.com
                                   rbryant@jsyc.com
                                   jautry@jsyc.com
                                   jleatherwood@jsyc.com
                                   cmays@jsyc.com

                                   ***ATTORNEYS FOR PLAINTIFFS***
                                   ***AND FOR OTHERS SIMILARLY***
                                   ***SITUATED***