IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MARIO ROSE and CURTIS POWERS,
Individually, and on behalf of themselves
and others similarly situated,

      Plaintiffs,

v.

D'BO's RIVERDALE, LLC d/b/a
D'BO's DAIQUIRIS, and MALVIN
ROSS WILLIAMS, individually,

      Defendants.

Docket No.: 2:25-cv-02243-MSN-atc

---

### DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

---

**COME NOW,** the Defendants, DBO's Riverdale, LLC d/b/a D'BO's DAIQUIRIS, and MALVIN ROSS WILLIAMS, individually (hereinafter collectively referred to as "Defendants"), by and through undersigned counsel of record, and file this Answer to Plaintiffs' First Amended Complaint ("Amended Complaint"). Answering the allegations set forth in Plaintiffs' Amended Complaint, Defendants show to the Court as follows:

1. In answer to Paragraph 1 of the Amended Complaint, Defendants admit that the Fair Labor Standards Act ("FLSA") is a federal statute to recover unpaid overtime compensation and other damages for hourly paid employees. Any remaining allegations are denied.

2. In answer to Paragraph 2 of the Amended Complaint, Defendants admit Plaintiffs worked for D'bo's Riverdale, LLC as back of house employees, admit that they were paid an hourly wage, admit that they on occasion performed overtime work but deny the remaining allegations and demand strict proof thereof.

3.      In answer to Paragraph 3 of the Amended Complaint, Defendants admit that the Court has jurisdiction over this litigation.  Any remaining allegations are denied.

4.      In answer to Paragraph 4 of the Amended Complaint, Defendants admit this Court is the proper venue for this litigation. Any remaining allegations are denied.

5.      In answer to Paragraph 5 of the Amended Complaint, Defendants can neither admit nor deny the statement of intention made by Plaintiffs.

6.      In answer to Paragraph 6 of the Amended Complaint, Defendants admit the allegations contained therein.

7.      In answer to Paragraph 7 of the Amended Complaint, Defendants admit the allegations contained therein.

8.      In answer to Paragraph 8 of the Amended Complaint, Defendants admit the allegations contained therein.

9.      In answer to Paragraph 9 of the Amended Complaint, Defendants admit that the FLSA contains provisions which create individual liability, but denies that any of those provisions are applicable and demands strict proof thereof.

10.      In answer to Paragraph 10 of the Amended Complaint, Defendants admit the allegations contained therein.

11.      In answer to Paragraph 11 of the Amended Complaint, Defendants admit the allegations contained therein.

12.      In answer to Paragraph 12 of the Amended Complaint, Defendants admit the allegations contained therein.

13.    In answer to Paragraph 13 of the Amended Complaint, Defendants admit that Plaintiffs were hourly paid employees.  The allegations regarding similarly situated employees is hypothetical at this time and is therefore denied.

14.    In answer to Paragraph 14 of the Amended Complaint, Defendants admit that Plaintiffs performed work duties within the United States within three (3) years preceding the filing of the Complaint.  The allegations regarding similarly situated employees is hypothetical at this time and is therefore denied.

15.    In answer to Paragraph 15 of the Amended Complaint, Defendants admit the allegations contained therein.

16.    In answer to Paragraph 16 of the Amended Complaint, Defendants admit the allegations contained therein.

17.    In answer to Paragraph 17 of the Amended Complaint, Defendants admit the allegations contained therein.

18.    In answer to Paragraph 18 of the Amended Complaint, Defendants admit the allegations contained therein.

19.    In answer to Paragraph 19 of the Amended Complaint, Defendants deny the allegations contained therein regarding an FLSA violation and demand strict proof thereof.

20.    In answer to Paragraph 20 of the Amended Complaint, Defendants admit the allegations contained therein.

21.    In answer to Paragraph 21 of the Amended Complaint, Defendants deny the allegations contained therein and demand strict proof thereof.

22.    In answer to Paragraph 22 of the Amended Complaint, Defendants deny the allegations contained therein and demand strict proof thereof.

23.    In answer to Paragraph 23 of the Amended Complaint, Defendants deny the allegations contained therein and demand strict proof thereof.

24.    In answer to Paragraph 24 of the Amended Complaint, Defendants deny the allegations contained therein and demand strict proof thereof.

25.    In answer to Paragraph 25 of the Amended Complaint, Defendants admit that on occasion Plaintiffs were paid cash, but deny the remaining allegations contained therein and demand strict proof thereof.

26.    In answer to Paragraph 26 of the Amended Complaint, Defendants deny the allegations contained therein and demand strict proof thereof.

27.    In answer to Paragraph 27 of the Amended Complaint, Defendants deny the allegations contained therein and demand strict proof thereof.

28.    In answer to Paragraph 28 of the Amended Complaint, Defendants deny the allegations contained therein and demand strict proof thereof.

29.    In answer to Paragraph 29 of the Amended Complaint, Defendants deny that any FLSA violations occurred and demand strict proof thereof.

30.    In answer to Paragraph 30 of the Amended Complaint, Defendants deny the allegations contained therein and demand strict proof thereof.

31.    In answer to Paragraph 31 of the Amended Complaint, Defendants deny the allegations contained therein and demand strict proof thereof.

32.    In answer to Paragraph 32 of the Amended Complaint, Defendants deny the allegations contained therein and demand strict proof thereof.

33.    In answer to Paragraph 33 of the Amended Complaint, Defendants deny the allegation that they did not keep accurate time records, admit that Plaintiffs cannot demonstrate

4

any monies that are owed to them based on the false allegations contained in the Complaint and deny that Plaintiffs will be able to meet their burden by anecdotal evidence.

34.    In answer to Paragraph 34 of the Amended Complaint, Defendants deny that allegations contained therein and demand strict proof thereof.

35.    In answer to Paragraph 35 of the Amended Complaint, Defendants admit that the FLSA allows persons to join a cause of action, but denies that that particular part of the statute has any applicability in this case and demand strict proof thereof.

36.    In answer to Paragraph 36 of the Amended Complaint, Defendants deny the existence of any similarly situated employees and demand strict proof thereof.

37.    In answer to Paragraph 37 of the Amended Complaint, Defendants deny that the claims being made by the Plaintiffs are typical, deny the existence of any similarly situated employees and demand strict proof thereof.

38.    In answer to Paragraph 38 of the Amended Complaint, Defendants deny the allegations contained therein and demand strict proof thereof.

39.    In answer to Paragraph 39 of the Amended Complaint, Defendants deny the allegations contained therein and demand strict proof thereof.

40.    In answer to Paragraph 40 of the Amended Complaint, Defendants deny the allegations contained therein and demand strict proof thereof.

41.    In answer to Paragraph 41 of the Amended Complaint, Defendants deny the allegations contained therein and demand strict proof thereof.

42.    In answer to Paragraph 42 of the Amended Complaint, Defendants admit the allegations contained therein.

43.    In answer to Paragraph 43 of the Amended Complaint, Defendants admit the statement contained therein is an accurate statement of one of the purposes of the FLSA, but denies it has any applicability to this cause of action.

44.    In answer to Paragraph 44 of the Amended Complaint, Defendants deny the allegations contained therein and demand strict proof thereof.

45.    In answer to Paragraph 45 of the Amended Complaint, Defendants reallege their responses given herein to Paragraphs 1 through 44 of the Amended Complaint.

46.    In answer to Paragraph 46 of the Amended Complaint, Defendants admit the allegations contained therein.

47.    In answer to Paragraph 47 of the Amended Complaint, Defendants admit the allegations contained therein.

48.    In answer to Paragraph 48 of the Amended Complaint, Defendants deny the allegations contained therein and demand strict proof thereof.

49.    In answer to Paragraph 49 of the Amended Complaint, Defendants deny the allegations contained therein and demand strict proof thereof.

50.    In answer to Paragraph 50 of the Amended Complaint, Defendants deny the allegations contained therein and demand strict proof thereof.

51.    In answer to Paragraph 51 of the Amended Complaint, Defendants deny the allegations contained therein and demand strict proof thereof.

52.    In answer to Paragraph 52 of the Amended Complaint, Defendants deny that it violated the FLSA and in the instance where a violation may have occurred deny that it was not in good faith and demand strict proof thereof.

53.     In answer to Paragraph 53 of the Amended Complaint, Defendants deny the allegations contained therein and demand strict proof thereof.

54.     Any allegation contained in the Amended Complaint not heretofore admitted, denies or explained is now denied as if specifically set forth and denied herein.

55.     The remainder of the Amended Complaint contains a Prayer for Relief to which no admission or denial is need.  To the extent that a response is required by the Court, Defendants deny any allegations contained in Plaintiffs' Prayer for Relief, deny any allegation or implication that Defendants violated any law, and deny Plaintiffs are entitled to any of the relief they seek.

## AFFIRMATIVE AND OTHER DEFENSES

1.     At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

2.     Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

3.     This action is barred to the extent Plaintiffs seek recovery for time that is not compensable time under the FLSA.

4.     Plaintiffs are not entitled to punitive/liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

5.     Plaintiffs' claims are barred in whole or part because the Amended Complaint fails to state a claim upon which relief can be granted.

6.     Plaintiffs' claims for damages are barred or reduced to the extent that they failed to mitigate their alleged damages.

7.     Defendants invoke the defenses, protections, and limitations of the FLSA, 29 U.S.C. § 201 *et seq.*

7

8.      Plaintiffs' claims are barred, in whole or in part, because they disregarded Defendants time keeping polces.

9.      Without assuming the burden of proof, Plaintiffs were compensated for all hours worked in excess of forty (40) in any particularly work week at a rate not less than set for by the overtime provisions of the FLSA.

10.     Plaintiffs' claims are barred by the *de minimis* doctrine.

11.     Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

12.     Defendants reserve the right to amend their Answer to the Amended Complaint and assert further affirmative defenses as they become evident through discovery and/or investigation.

**WHEREFORE, PREMISES, CONSIDERED,** Defendants pray that their Answer to the Amended Complaint be deemed good and sufficient and all claims by Plaintiffs against them be dismissed, with prejudice, and such other and further relief, legal and equitable, including attorneys' fees be awarded to Defendants.

Respectfully submitted,

SPENCE PARTNERS

By:     /s/ Robert L. J. Spence Jr.
        Robert L. J. Spence, Jr. (BPR# 12256)
        Kristina A. Woo (BPR #22349)
        65 Union Avenue, Suite 900
        Memphis, Tennessee 38103
        Telephone: 901.312.9160
        Facsimile: 901.521.9550
        rspence@spencepartnerslaw.com
        kwoo@spencepartnerslaw.com

        *Attorneys for Defendants*

8

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing document was sent via electronic mail and/or United States Mail, postage prepaid, to the following:

J. Russ Bryant
JACKSON, SHIELDS, HOLT
OWEN & BRYANT
262 German Oak Drive
Memphis, Tennessee 38018
rbryant@jsyc.com

this 27th day of June, 2025.

/s/ Robert L.J. Spence, Jr.